UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIN BROWNE, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:24-CV-72-TLS-JEM |
| TRANS UNION LLC, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Trans Union LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 43] in which Defendant Trans Union LLC seeks judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that the Amended Complaint is barred by the applicable two-year statute of limitations. As set forth below, the Court denies the motion because Plaintiff Erin Browne's original state court complaint was timely filed.

## PROCEDURAL BACKGROUND

On April 26, 2023, Plaintiff Erin Browne filed a Complaint consisting of five, one-sentence paragraphs against Defendant Trans Union LLC in the Tippecanoe County, Indiana, Circuit Court under cause number 79C01-2304-CT-000083 alleging a violation of the Fair Credit Reporting Act (FCRA) based on an unspecified false and inaccurate listing of her debt despite her efforts to correct the errors. *See Browne v. Trans Union LLC*, No. 79C01-2304CT-000083 (Tippecanoe County, Ind., Apr. 26, 2023), available at https://mycase.in.gov.[1] The Plaintiff paid the filing fee and filed Summons the same day. *Id.* The Summons were signed and sealed by the Tippecanoe County Clerk on April 27, 2023. *Id.*

---

[1] The Court takes judicial notice of the chronological case summary, which is a public record. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

The next entry in the state court chronological case summary (CCS) is dated November 15, 2024, with the Plaintiff's filing of a second document titled "Complaint." *Id.* The November 15, 2024 Complaint is identical to the original April 26, 2023 Complaint with the addition of one sentence to Paragraph 3 regarding the Plaintiff's damages. *Id.* Summons, signed and sealed by the clerk, were issued that day. *Id.*

On November 22, 2024, the Defendant removed the November 15, 2024 Complaint to this Court. ECF Nos. 1, 4. On November 25, 2024, the Defendant filed an Answer. ECF No. 5. And on December 9, 2024, the Defendant filed a Motion for Judgment on the Pleadings for failure to state a claim based on a lack of factual allegations in the Complaint. ECF No. 6.

On January 21, 2025, the Plaintiff filed a Motion for Leave to File Amended Pleading with a proposed twenty-page amended complaint, ECF No. 17, and filed a response to the Motion for Judgment on the Pleadings, ECF No. 18. The Defendant filed a response to the Motion for Leave to File Amended Pleading, ECF No. 19, and filed a reply in support of the Motion for Judgment on the Pleadings, ECF No. 20.

However, on February 27, 2025, the Plaintiff filed a Second Motion for Leave to File Amended Pleading, attaching a twenty-seven-page proposed amended complaint and representing that the Defendant did not object. ECF No. 25. On March 17, 2025, the Court granted the motion, noting the lack of objection, ECF No. 26, and the Plaintiff filed the Amended Complaint [ECF No. 27] on March 18, 2025. The Motion for Judgment on the Pleadings [ECF No. 6] and the original Motion for Leave to File Amended Pleadings [ECF No. 17], were denied as moot. *See* ECF Nos. 28, 29.

In the Amended Complaint [ECF No. 27], the Plaintiff brings claims under the FCRA, 15 U.S.C. §§ 1681i and 1681e(b). The Plaintiff's § 1681i claim alleges that the Defendant failed to

2

conduct any reasonable reinvestigation of the disputes the Plaintiff sent the Defendant in April, June, and July 2021 regarding an NCS tradeline. Am. Compl. ¶¶ 50–54, 59–71, 92–93, ECF No. 27. The § 1681e(b) claim alleges that the Defendant failed to use a reasonable reporting procedure when it allegedly reported inaccurate information to Purdue Federal Credit Union in August 2021 in connection with the NCS tradeline. *Id.* ¶¶ 106–111.

On April 14, 2025, the Defendant filed an Answer. ECF No. 30.

On June 13, 2025, the Defendant filed the instant motion asserting a statute of limitations defense, seeking judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF Nos. 43, 44. The Plaintiff filed a response on July 4, 2025, ECF No. 45, and the Defendant filed a reply on July 18, 2025, ECF No. 47. The Court granted the Plaintiff's fully briefed Motion for Leave to File Surreply, *see* ECF Nos. 48–50, 52; the Plaintiff filed a surreply on October 29, 2025, ECF No. 53; and the Defendant filed a surresponse on November 12, 2025, ECF No. 54.

## LEGAL STANDARD

The Defendant moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), which is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *See Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017). "A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir.

3

2016) (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "It is the defendant's burden to establish the complaint's insufficiency." *Gunn v. Cont'l Cas. Co.*, 968 F.3d 802, 806 (7th Cir. 2020).

## ANALYSIS

The Defendant moves for judgment as a matter of law, arguing that the Plaintiff's claims in the November 15, 2024 Complaint, which the Defendant removed to this Court on November 22, 2024, are barred by the applicable two-year statute of limitations. Although a plaintiff's "complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations," *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (quoting *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009)), "when the allegations of the complaint reveal that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim," *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011) (citation omitted).

Based on the briefing, the parties agree that the earliest applicable statute of limitations for the Plaintiff's §§ 1681i and 1681e(b) claims is "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p.[2] For the § 1681i

---

[2] The FCRA statute of limitations provides:
> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

claims, the parties agree that the basis for the Defendant's alleged liability is the Defendant's failure to conduct a reasonable investigation into the Plaintiff's April, June, and July 2021 disputes and that the earliest claim did not accrue until at least sometime in May 2021. This is because the Defendant was required to investigate the April 2021 dispute within thirty days and then provide sufficient notice to the Plaintiff within five more days. *See* 15 U.S.C. §§ 1681i(a)(1)(A), (a)(6)(A). The statute of limitations would begin to run sometime after the dispute in April 2021, likely sometime in May 2021 at the earliest. Thus, the statute of limitations expired two years later, sometime in May 2023. *See infra* note 3. For the § 1681e(b) claim, the parties agree that the basis for the Defendant's alleged liability is the August 2021 report to Purdue Federal Credit Union and that the claim accrues when the agency issues the allegedly inaccurate report. *See Zahran v. Transunion Corp.*, No. Civ. 01C1700, 2003 WL 1733561, at *8 (N.D. Ill. Mar. 31, 2003) (citing *Hyde v. Hibernia Nat'l Bank*, 861 F.2d 446, 448 (5th Cir. 1988)). Thus, the statute of limitations expired two years later in August 2023.

In its opening brief, the Defendant contends—with no mention of the April 26, 2023 Complaint—that the Plaintiff filed her "original" complaint in state court on November 15, 2024, which the Defendant removed to this Court. Def. Br. 1, ECF No. 44. The Defendant correctly notes that the November 15, 2024 Complaint was filed more than one and a half years after the FCRA statute of limitations had expired on the § 1681i claim based on the April, June, and July 2021 disputes and more than a year after the FRCA statute of limitations had expired on the § 1681e(b) claim based on the Defendant's response to the August 2021 credit inquiry.

---

> **(1)** 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
> **(2)** 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

In response, the Plaintiff notes that she filed her original Complaint in state court on April 26, 2023, and argues that it was filed before the expiration of statute of limitations in May and August 2023.

Under Indiana law, a statute of limitations continues to run until the plaintiff files a complaint, summons, and filing fee. *Ray-Hayes v. Heinamann*, 760 N.E.2d 172, 173–74 (Ind. 2002), *aff'd in relevant part on reh'g*, 768 N.E.2d 899 (citing *Boostrom v. Bach*, 622 N.E.2d 175, 175, 177 n.2 (Ind. 1993)); *see also* Ind. R. Tr. P. 3. In this case, the CCS shows that the Plaintiff filed her original Complaint and Summons and paid the filing fee on April 26, 2023, commencing the state court action. *See Holmes v. Celadon Trucking Servs. of Ind., Inc.*, 936 N.E.2d 1254, 1256 (Ind. Ct. App. 2010) (noting that the action commenced, for statute of limitations purposes, when the plaintiff filed the original and necessary copies of the complaint, the filing fee, and the original and necessary copies of the summons). There is no activity on the CCS between the filing of the April 26, 2023 Complaint and the filing of the November 15, 2024 Complaint. While there is no return of service docketed for the April 26, 2023 Complaint, there is also no state court order taking any action on the April 26, 2023 Complaint. Thus, based on the CCS, the April 26, 2023 Complaint was pending until it was amended by the November 15, 2024 Complaint in the same cause number.

In its reply brief, the Defendant makes two main arguments.[3] First, the Defendant argues, with no citation to law, that the original April 26, 2023 Complaint cannot satisfy the statute of

---

[3] The Defendant also includes a section regarding when the statute of limitations for each claim began to run. *See* Def. Reply § B, ECF No. 47. However, the Defendant ultimately recognizes that the statute of limitations on the § 1681i claim does not begin to run until the Defendant's alleged failure to properly conduct a reinvestigation within thirty days of the Plaintiff's disputes. *See id.* at 5. While the Defendant only specifically addresses the Plaintiff's July 2021 dispute, noting that the statute would not begin to run until at least thirty days later in August 2021, the same is true for the Plaintiff's April 2021 dispute, which would not begin to run until at least thirty days later in May 2021 at the earliest. *See id.*

limitations because it was never served, was never pursued, and is not pending in federal court. Def. Reply 3, ECF No. 47. In support, the Defendant argues that the Plaintiff has cited no law to show that the April 26, 2023 Complaint is the operative pleading for purposes of the statute of limitations. But the CCS speaks for itself in that the original Complaint, Summons, and filing fee were filed on April 26, 2023, and the April 26, 2023 Complaint remained pending until it was replaced by the November 15, 2024 Complaint. The statute of limitations is an affirmative defense for which the Defendant bears the burden of proof. *See U.S. Gypsum Co. v. Ind. Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003); Fed. R. Civ. P 8(c). The Defendant cites no law to show that the April 26, 2023 Complaint, Summons, and filing fee did not satisfy the statute of limitations or that service of the Complaint was required to satisfy the statute of limitations. Again, the Indiana Supreme Court has held that a case is timely commenced for purposes of the statute of limitations with the filing of the complaint, summons, and filing fee. *See Ray-Hayes*, 760 N.E.2d at 173–74.

The Defendant also relies on the fact that the November 15, 2024 Complaint was the operative complaint at the time of removal to federal court. While true, an amended complaint relates back to the date of the filing of the original complaint "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Ind. R. Tr. P. 15(C); *see Novit v. Metro. Sch. Dist. of Warrant Twp.*, No. 1:21-CV-2168, 2023 WL 22191, at *7 (S.D. Ind. Jan. 3, 2023) (recognizing that "when a plaintiff files an amended complaint while the case is still in state court, the state trial rule applies instead of the Federal Rules of Civil Procedure" but also noting that a determination of whether an amended complaint relates back under the Indiana rules or the federal rules would lead to the same outcome (citing *Clemons v. City of Hobart*, No. 2:17-CV-

7

11, 2018 WL 1531787 (N.D. Ind. Mar. 29, 2018); *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 558 (7th Cir. 2011))). Indiana courts have recognized that a claim may relate back under Indiana Rule of Trial Procedure 15(C) notwithstanding the running of the statute of limitations. *McCarty v. Hosp. Corp. of Am.*, 580 N.E.2d 228, 231 (Ind. 1991) (holding that the plaintiff's amendments related back to the original complaint despite the running of the statute of limitations). The Defendant does not argue or cite law to show that the November 15, 2024 Complaint, an amended pleading, does not relate back to the original April 26, 2023 Complaint for purposes of the statute of limitations.

Although the Defendant contends in its reply brief that the November 15, 2024 Complaint is not an amended complaint, Def. Reply 3, the Defendant offers no legal basis for this assertion. Indiana Rule of Trial Procedure 15(A) provides that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served." Ind. R. Tr. P. 15(A). To the extent the Defendant is arguing that the Plaintiff's failure to title the November 15, 2024 Complaint as an "amended complaint" means that it is not an amended pleading, the Defendant cites no law in support. Substantively, the November 15, 2024 Complaint is an amended pleading because it modifies the April 26, 2023 Complaint with an additional allegation of damages in Paragraph 3. *See Amended Complaint*, Black's Law Dictionary (12th ed. 2024) ("A complaint that modifies and replaces the original complaint by adding relevant matters that occurred before or at the time the action began."). Indiana Rule of Trial Procedure 8(F) provides: "All pleadings shall be so construed as to do substantial justice, lead to disposition on the merits, and avoid litigation of procedural points." Ind. R. Tr. P. 8(F); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

8

Second, the Defendant argues that Indiana Rule of Trial Procedure 41 requires dismissal for failure to prosecute. Indiana Rule of Trial Procedure 41(E) provides, in relevant part: "[W]hen no action has been taken in a civil case for a period of sixty [60] days, the court, on motion of a party or on its own motion shall order a hearing for the purpose of dismissing such case." Ind. R. Tr. P. 41(E). However, the state court did not take any action under Rule 41(E) on the Plaintiff's April 26, 2023 Complaint before she filed the amended complaint on November 15, 2024. *See City of Indianapolis v. Hicks*, 932 N.E.2d 227, 233 (Ind. Ct. App. 2010) ("[I]t is well settled that the trial court speaks through its CCS or docket . . . ."). The Defendant cites no law to support this federal court applying Indiana Trial Rule 41(E) for events that occurred prior to the filing of the amended complaint in state court and before removal. *See Ervin v. OS Rest. Servs., Inc.*, 632 F.3d 971, 977 (7th Cir. 2011) ("Once suit is removed from state court to federal court, it is governed by the federal court's procedures . . . ." (citing *Claiborne v. Wisdom*, 414 F.3d 715, 720 (7th Cir. 2005))); *Smith v. Bayer Corp.*, 564 U.S. 299, 304 n.2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court.").

Finally, the Defendant's reply brief notes in several places, with no citation to law, that the April 26, 2023 Complaint was never served. Def. Reply 2–3. As argued by the Plaintiff, any defense the Defendant may have pursued under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process of the April 26, 2023 Complaint was waived. Rule 12(b) provides that a party may assert that defense by motion but that the motion "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Federal Rule of Civil Procedure 12(h)(1)(B) provides that "[a] party waives any defense listed in Rule 12(b)(2)–(5) by . . . failing to either . . . make it by motion under this rule; or include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." Fed. R. Civ. P. 12(h)(1)(B).

9

When the Defendant was served with the November 15, 2024 Complaint in the state court proceeding, the CCS, under the same cause number, showed the filing of the April 26, 2023 Complaint. However, the Defendant did not raise the failure to serve the April 26, 2023 Complaint in its Answer to the November 15, 2024 Complaint filed in this Court. *See* Answer, ECF No. 5. And while the Defendant could have moved to dismiss the April 26, 2023 Complaint for insufficient process prior to filing its Answer, it did not. *See, e.g.*, *Kurtzeborn v. Ritzhaupt*, No. 3:22-CV-746, 2023 WL 319406, at *1, *3 (S.D. Ill. Jan. 19, 2023) (considering the defendant's motion—filed shortly after removal of a refiled state court complaint that was served after the expiration of the statute of limitations—under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process under Illinois law where the original complaint, which was timely filed but never served, had been dismissed by the state court for lack of prosecution prior to the filing of the refiled complaint); *see also McCullum v. Silver Cross Hosp.*, No. 99 C 4327, 2001 WL 969076, at *2–3 (N.D. Ill. Aug. 21, 2021) (holding, in a case filed in federal court, that "[the defendant] correctly argues that the Second Amended Complaint is barred by the statute of limitations because the original complaint should have been dismissed due to the failure to serve process, thus there is nothing for the amended complaint to relate back to" and analyzing Federal Rule of Civil Procedure 4(m) regarding service of process).

To the extent the Defendant may argue that it did not know when the statute of limitations accrued until the Plaintiff first alleged the relevant dates in the Amended Complaint filed in this federal litigation, the Defendant has still waived any objection. As of February 27, 2025, the Plaintiff included the April, June, and July 2021 dispute dates in her twenty-seven-page proposed amended complaint attached to the Second Motion for Leave to File Amended Complaint. ECF No. 25-1. The Defendant did not object to the filing of that proposed Amended

Complaint, which was then filed on March 18, 2025. More importantly, the Defendant filed an Answer to the Amended Complaint on April 14, 2025, and did not raise a Rule 12(b)(5) defense for insufficient service of process in its Answer. *See* Fed. R. Civ. P. 12(h)(1)(B). Notably, the Defendant also did not raise a Rule 12(b)(5) defense in its opening brief on the instant motion.

In its surreponse, the Defendant suggests that the Plaintiff is at fault for not mentioning the April 26, 2023 Complaint in any filing until her response to the instant motion. It is unclear why the Plaintiff would have had reason to discuss an inoperative complaint until it became relevant in response to the Defendant's statute of limitations argument. It is the Defendant's burden to show that the Plaintiff's claims are barred by the statute of limitations, and the April 26, 2023 Complaint was on the publicly available CSS when the Defendant was served with the November 15, 2024 Complaint as well as the March 18, 2025 Amended Complaint.[4]

The Plaintiff filed her initial Complaint, Summons, and filing fee in state court on April 26, 2023, which was within the earliest applicable two-year statute of limitations that expired no earlier than May 2023. The Defendant has not met its burden of demonstrating that the statute of limitations bars the Plaintiff's FCRA claims.

## CONCLUSION

For the reasons set forth above, the Court hereby DENIES Trans Union LLC's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 43].

SO ORDERED on December 3, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[4] The Defendant's assertion in its surresponse that the Plaintiff "magically locate[d]" the April 26, 2023 Complaint in response to the instant motion is not well-taken. Def. Surresp. 3, ECF No. 54.