**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| ERIN BROWNE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:24-CV-72-TLS-JEM |
| | ) | |
| TRANS UNION LLC, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on Trans Union LLC's Motion for Protective Order [DE 60], filed February 4, 2026. Defendant requests that the Court excuse Defendant from appearing for a 30(b)(1) deposition. Plaintiff filed a response on March 25, 2026, and on April 8, 2026, Defendant filed a reply.

### I.    Rule 37 Certificate

Northern District of Indiana Local Rule 37-1 provides, "A party filing any discovery motion must file a separate certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action." N.D. Ind. L.R. 37-1; *see also* Fed. R. Civ. P. 37(a)(1). The Court may deny a discovery motion if it is not accompanied by a proper certification. *Id*. Although Defendant did not include a document labeled Rule 37 certificate, it has included correspondence between the parties indicating that they attempted to resolve the issues without involving the Court, so the motion will not be denied on these grounds. The Court encourages the parties to work together to resolve their disputes without Court intervention.

### II.    Standard of Review

The Court has "broad discretion to . . . manage discovery under Rule 26 of the civil rules." *Geiger v. Aetna Life Ins. Co*., 845 F.3d 357, 365 (7th Cir. 2017). Under the Federal Rules of

Civil Procedure, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court should consider such factors as "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Rule 30(b)(1) provides that written notice of deposition must be mate to every other party giving the name of the deponent or, if it is not directed at a particular known individual, "the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs." Fed. R. Civ. P. 30(b)(1).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses, s*ee* Fed. R. Civ. P. 37(a), and Rule 45(c)(3)(A) allows a court to quash a subpoena based on a timely motion where the subpoena requires the disclosure of privileged or other protected matter or subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

### III.    Motion for Protective Order

Defendant moves for a protective order excusing it from appearing for the depositions in the notice from Plaintiff. It argues that Plaintiff failed to comply with the Federal Rules for obtaining 30(b)(1) testimony and failed to proceed with reasonable alternatives. Plaintiff argues that the depositions were properly noticed and are necessary, and asserts that she has not yet moved to compel the depositions because she needs additional information first.

Federal Rule of Civil Procedure 30 requires that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). Northern District of Indiana Local Rule 30-1 governs the scheduling of depositions and requires attorneys to "try in good faith to schedule depositions to avoid calendar conflicts" and to "schedule depositions with at least 14-days' notice, unless opposing counsel agrees to shorter notice or the court orders otherwise." N.D. Ind. L.R. 30-1. In this case, the document in question is titled "Notice of Deposition to Trans Union, LLC" and states that it "notices the following depositions pursuant to Fed. R. Civ. P. 30. Dates and logistics to be coordinated," and then indicates specific dates of February 4 and 5, 2026. It identifies four depositions with categories of individuals: "a "Mailroom / Document Intake Corporate Witness," a "Corporate Representative regarding Subscriber / Furnisher Agreements and Vetting," "Dispute Agent(s) / Re-investigation Operator(s) who handled Consumer's Disputes," and a "Records Custodian for Dispute and ACDV Logs." Def. Br. Ex. A [DE 61-1]. Defendant characterizes the notice as setting depositions pursuant to Rule 30(b)(1), but Plaintiff argues that the request for testimony from corporate representative and a record custodian are 30(b)(6) notices for depositions of corporate designees.

Unlike other deponents, "the Rule 30(b)(6) witness does not need personal knowledge of the content of the testimony" because "a Rule 30(b)(6) witness is essentially a spokesperson for the company, and testifies in a corporate rather than personal capacity." *Kraft Foods Glob., Inc. v. United Egg Producers, Inc.*, No. 11-CV-8808, 2023 WL 5647204, at *7-8 (N.D. Ill. Aug. 31, 2023) (citing *PPM Fin., Inc. v. Norandal USA, Inc.,* 392 F.3d 889, 894–95 (7th Cir. 2004). Accordingly, if the deponent is a corporation or entity, the deposition notice "must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The instant Notice does not

distinguish between corporate designees testifying on behalf of the organization and deponents testifying based on their personal knowledge, let alone identify with specificity the matters for examination the corporate designees are expected to testify about. Defendant need not designate a 30(b)(6) deponent in response to this Notice, but Plaintiff may issue complete notices for Rule 30(b)(6) deponents, identifying with particularity the topics to be addressed.

Defendant argues that the individual deponents must be subpoenaed and cannot be compelled to attend on the basis of a notice only. Plaintiff argues that it has noticed the depositions of managing agents who can be compelled to sit for a deposition after receiving a Rule 30(b)(1) notice. *See Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-CV-19-TLS-JEM, 2022 WL 17432341, at *3 (N.D. Ind. Dec. 5, 2022) ("it is true the 'managing agents' *of a party* may be compelled to sit for a deposition after receiving notice pursuant to Rule 30(b)(1)"). The relevant deponents are identified as a "Mailroom / Document Intake Corporate Witness" and the "Dispute Agent(s) / Re-investigation Operator(s) who handled Consumer's Disputes." Plaintiff, as the party seeking the deposition, bears the burden of showing that these individuals are managing agents within the meaning of Rule 30(b)(1). *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 507–08 (N.D. Ill. 2021).

Plaintiff asserts generally that dispute processors may be treated as managing agents, citing caselaw in which that has been the situation. However, in order to determine whether Defendant's dispute processors are managing agents in *this* case, the Court must consider a number of factors:

> (1) whether [they] ha[ve] general powers allowing [them] to exercise judgment and discretion in corporate matters; (2) whether [they] can be relied on to testify, at the corporation's request, in response to the discovery proponent's demands; (3) whether there are any other employees who have more authority than the individual in regard to information concerning the subject matter at issue in the case; (4) [their] general responsibilities respecting the matters involved in this litigation; and (5) whether [they] can be expected to identify with the interests of the corporation.

*Murata Mfg. Co. v. Bel Fuse, Inc.*, 242 F.R.D. 470, 476 (N.D. Ill. 2007). Plaintiff has not addressed any of these factors other than through citations to cases that thoroughly analyze their application in other specific contexts. Defendant points out that not all of the people in the roles identified by Plaintiff are even Trans Union employees so depositions of those individuals must proceed through their counsel, not via notice to Defendant. Although Plaintiff cites cases in which dispute investigators have previously been held to be managing agents, that does not mean that these investigators are, and Plaintiff presents no analysis of the factors in this particular litigation. Similarly, in her brief Plaintiff explains in more detail why she needs testimony about Plaintiff's mailroom and intake procedures but does not argue that the people in charge of intake for Defendant are managing agents. Although the burden of demonstrating that an individual is a managing agent is "modest," it has not been met in this case. *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 507–08 (N.D. Ill. 2021) (citations omitted).

Defendant explains that it does not object to making individuals available for depositions on the topics identified in the Notice, but requests that Plaintiff work with Defendant to schedule the depositions and issue individual appropriate notices and subpoenas. Although Plaintiff may indeed be entitled to take the depositions described, the Notice as served is insufficient. Defendant need not respond to it. When Plaintiff individually notices the depositions of the people to be deposed, working with Defendant to schedule the depositions in accordance with the Federal and Local Rules, including complying with the particular requirements for subpoenaing non-party witnesses and providing sufficient particularity regarding the topics to be asked of the 30(b)(6) deponent, Defendant will have to prepare the corporate representatives and respond to the subpoenas appropriately.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS** the Trans Union LLC's Motion for Protective Order [DE 60] and excuses Defendant from responding to the Notice described herein.

Because the motion is granted, Rule 37(a) "require(s) the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless the losing party's position was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5). Accordingly, the Court **ORDERS** Defendant to file, on or before **May 20, 2026**, itemizations of their costs and fees, including attorney's fees, incurred in bringing the motion along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Plaintiff to file a response by **June 3, 2026**, and Defendant to file a reply, if any, by **June 10, 2026**.

SO ORDERED this 6th day of May, 2026.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record