**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| ERIN BROWNE,<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC,<br><br>Defendant. | CAUSE NO.: 4:24-CV-72-TLS-JEM |

## OPINION AND ORDER

On July 31, 2026, Magistrate Judge John E. Martin awarded the Defendant Trans Union LLC its attorney fees incurred in bringing a successful motion for protective order. ECF No. 73. This matter is now before the Court on the Plaintiff Erin Browne's Objections to that Order. ECF No. 76. For the reasons below, the Court overrules the Plaintiff's Objections.

## LEGAL STANDARD

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

**PROCEDURAL AND FACTUAL BACKGROUND**

On January 12, 2026, the Court issued a scheduling order, which opened discovery. ECF No. 59. That day, the Plaintiff served on the Defendant a single deposition notice for February 4 and 5, 2026, which sought four categories of witnesses: a mailroom/document intake corporate witness; a corporate representative on subscriber/furnisher agreements and vetting; dispute agents/reinvestigation operators who handled the Plaintiff's disputes; and a records custodian for dispute and ACDV logs. ECF No. 61-1. No subpoenas were issued for Rule 30(b)(1) deponents, and the details required by Rule 30(b)(6) were not provided. *See id.*; ECF No. 61-2.

After a February 2, 2026 conference between counsel, the Plaintiff offered to withdraw the notice and proceed by subpoena if the Defendant would identify the witnesses or accept service on their behalf. ECF No. 61-2; ECF No. 76, pp. 14–15. On February 3, 2026, counsel for the Defendant advised the Plaintiff that the described individuals would need to be subpoenaed, that the Defendant had not conceded the Plaintiff was entitled to depose them, and that the Defendant "had not yet determined exactly who would fit the description" the Plaintiff provided. ECF No. 61-2, p. 1. When the Plaintiff declined to withdraw the notice, the Defendant moved for a protective order on February 4, 2026, asking the Court to excuse it from appearing for the depositions that the Plaintiff had unilaterally and improperly noticed. ECF Nos. 60, 61. The Defendant also sought an award of its fees incurred in preparing the motion. *Id.* On March 25, 2026, the Plaintiff filed a response to both the substance of the motion as well as the request for attorney fees. ECF No. 66. On April 8, 2026, the Defendant filed a reply. ECF No. 67.

On May 6, 2026, Judge Martin granted the motion for protective order, excusing the Defendant from responding to the deposition notice and ordering a statement of fees incurred in bringing the motion. ECF No. 68. Judge Martin found that the Plaintiff's deposition notice did not comply with either Rule 30(b)(1) or Rule 30(b)(6) and reminded the Plaintiff of the

requirements for individually noticing depositions, subpoenaing non-party witnesses, satisfying the requirements for different categories of deponents, and compelling discovery responses. *See id.* The Plaintiff did not object to that ruling.

On May 20, 2026, the Defendant filed a Statement of Costs and Fees Incurred in Filing Its Motion for a Protective Order Regarding Plaintiff's Improperly Served Rule 30(b)(1) Deposition Notice, seeking attorney fees in the amount of $2,998.80 based on a lodestar calculation. ECF No. 69. The Plaintiff filed a response, and the Defendant filed a reply. ECF Nos. 70, 72. On July 31, 2026, Judge Martin awarded the Defendant $2,998.80 in attorney fees, finding that the Plaintiff had not met her burden for opposing the award. ECF No. 73.

On August 14, 2026, the Plaintiff filed the instant Objection to the award. ECF No. 76. The Defendant filed a response. ECF No. 77. The Plaintiff filed a reply, ECF No. 78, and a corrected objection, ECF No. 81.

## ANALYSIS

Federal Rule of Civil Procedure 37(a)(5)(A)(iii) provides:

> (A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. *But the court must not order this payment if*:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

On the underlying motion for protective order, the Defendant's main argument was that the Plaintiff had failed to comply with the Federal Rules of Civil Procedure for obtaining Rule

30(b)(1) testimony and failed to proceed with reasonable alternatives. Judge Martin agreed, granting the motion and inviting the Defendant's statement of attorney fees and costs under Rule 37(a)(5)(A).

In her response to the Defendant's statement of fees and costs, the Plaintiff argued that she was substantially justified in opposing the motion for protective order because the Defendant had failed to provide information regarding the witnesses that the Plaintiff needed to proceed with depositions and because the depositions were properly noticed and necessary. She also argued that an award of fees was unjust because the Defendant had not provided the information identifying the individuals she wished to depose. Judge Martin granted the requested award, finding that the Plaintiff had not met her burden of showing that fees should not be awarded because

> the notice that was the subject of the protective order was procedurally inappropriate and Plaintiff was not substantially justified in defending it rather than appropriately noticing the depositions and subpoenaing witnesses in accordance with the applicable Federal and Local Rules, including filing her own motion to compel if appropriate.

ECF No. 73, p. 3. The Plaintiff's objection that is pending before the Court argues that Judge Martin erred in finding that her opposition to the motion for protective order was not substantially justified and that an award of fees and costs was not unjust. The Court considers each objection in turn.

First, "[a] position is substantially justified if it has a reasonable basis in law and fact, similar to Rule 11's inquiry into whether a pleading is well grounded in fact and legally tenable." *Pable v. Chi. Transit Auth.*, 145 F.4th 712, 724 (7th Cir. 2025) (cleaned up). A party can be substantially justified in opposing a motion even if it loses when a genuine dispute exists or reasonable people could differ as to the appropriateness of the action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Plaintiff contends that Judge Martin improperly equates procedural

error with the absence of substantial justification, arguing that she had a reasonable basis for believing that unidentified individuals could be deposed by a Rule 30(b)(1) notice and that she lacked the necessary facts to identify individuals because the Defendant had not provided the information in discovery. Many of her arguments go to the merits of Judge Martin's order granting the motion for protective order—even though she states in her briefing that she is not asking for reconsideration of that order, and she did not object to that ruling. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Thus, whether her deposition notice was proper cannot be the basis for her objection to the Rule 37(a)(5)(A) fee award. *See, e.g.*, *Stratford Ins. Co. v. Shorewood Forest Utils., Inc.*, No. 2:20-CV-372, 2024 WL 773612, at *3 (N.D. Ind. Feb. 23, 2024).

Judge Martin found that the Plaintiff had reasonable, available alternatives to her improper deposition notice, namely re-noticing the depositions properly, subpoenaing the non-party witnesses, and moving to compel the identifying information from the Defendant that she needed to serve proper deposition notices. Contrary to the Plaintiff's assertion, there was not a "genuine" discovery dispute as it related to the Plaintiff's deposition notice as there was no reasonable basis in fact or law for the Plaintiff to defend the improper deposition notice. *See Pable*, 145 F.4th at 724. While the Plaintiff may have had other genuine concerns about the ongoing discovery process, such as gathering information from the Defendant to identify the proper individuals to depose, that concern could not be resolved by defending the improper deposition notice.

Second, the Plaintiff had argued in response to the Defendant's statement of fees that a fee award would be unjust because the Defendant had failed to disclose the information about the witnesses that the Plaintiff needed to serve proper deposition notices. ECF No. 70, pp. 10, 11. The Plaintiff noted that, rather than "insist on motion practice," she had offered to withdraw the

deposition notices and proceed by subpoena if the Defendant would provide the names and addresses or accept service on the witnesses' behalf. The Plaintiff is incorrect that Judge Martin did not address this argument. Judge Martin found that the Plaintiff had alternatives to defending the improper notices, specifically that the Plaintiff could have filed a motion to compel this information and then proceed to properly notice the depositions. The Plaintiff does not identify any other circumstances that make an award of fees unjust.

As there is no clear error in Judge Martin's ruling that the Plaintiff did not meet her burden of showing that she was substantially justified in defending the motion for protective order or that an award of fees would be unjust, the Court overrules the Plaintiff's objection.

**CONCLUSION**

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Objections to the Magistrate's Order [ECF Nos. 76, 81].

SO ORDERED on November 2, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT